Carnegie House Tenants Corp. v Georgetown 57, LLC (2026 NY Slip Op 00832)

Carnegie House Tenants Corp. v Georgetown 57, LLC

2026 NY Slip Op 00832

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 654861/24|Appeal No. 5813|Case No. 2025-02464|

[*1]Carnegie House Tenants Corporation, et al., Plaintiffs-Appellants, Georgetown 57, LLC, Plaintiff,
vNew York State Division of Housing and Community Renewal et al., Defendants-Respondents.

Collins Dobkin & Miller, LLP, New York (Timothy Collins of counsel), for appellants.
Mark F. Palomino, New York State Division of Housing and Community Renewal, New York (Steven T. Beard of counsel), for New York State Division of Housing and Community Renewal, respondent.
Meister Seelig & Fein PLLC, New York (Stephen B. Meister of counsel), for 57th and 6th Ground LLC, respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 31, 2025, which granted defendants' respective motions pursuant to CPLR 3211(a)(2), (3), and (7) to dismiss the amended complaint, without prejudice, unanimously affirmed, without costs.
Plaintiffs Carnegie House Tenants Corporation (the cooperative) and individual current shareholders commenced this action seeking a declaration that a provision of the Rent Stabilization Code (9 NYCRR) § 2520.11(l) relating to cooperative deconversion is irrational and ultra vires, a declaration that defendant 57th and 6th Ground LLC, the owner of the land and landlord of the ground lease for the building, caused the deconversion of the cooperative, and an injunction against defendant New York State Division of Housing and Community Renewal (DHCR) precluding the application of Rent Stabilization Code § 2520.11(l).
Supreme Court properly determined that plaintiffs do not have standing at this juncture, because they failed to establish that the application of the challenged statute relating to the deconversion of cooperative apartment corporations was imminent rather than hypothetical. When the complaint was filed, the parties had recently renewed the ground lease for a 21-year term, triggering the rent calculation provisions of the ground lease, to be determined by agreement or, if the parties could not agree, by arbitration. After negotiations proved unsuccessful, plaintiffs brought this action, asserting claims arising from their fear that if the arbitration were to result in an unreasonably high rent under the ground lease, the cooperative would be unable to pay the higher rents, default, and then be forced into "deconversion," at which point the building ownership would revert to defendant owner. Thus, according to plaintiffs, under the provisions of the Rent Stabilization Code which would then apply, the individual plaintiff-shareholders would be forced to accede to the owner's unilateral demand for rents far above those authorized under the rent laws.
Because deconversion has not yet occurred and may never occur, the amended complaint fails to allege an injury-in-fact "sufficiently concrete and particularized to warrant judicial intervention" (Matter of Stevens v New York State Div. of Criminal Justice Servs., 40 NY3d 505, 515 [2023]). While allegations relating to deconversion fall within the "'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" — namely, safeguarding against unreasonably high rent increases — plaintiffs still "must show that it would suffer direct harm, injury that is in some way different from that of the public at large" (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773-774 [1991]). Here, while plaintiffs are understandably upset by the prospect of the cooperative's deconversion, the application of the challenged Rent Stabilization Code provision remains hypothetical. Plaintiffs urge that there is current, concrete harm arising from the specter of deconversion that resulted in a purported disadvantage in the ground lease rent negotiations. However, even if that were to constitute an injury-in-fact, the prevention of a disadvantageous negotiating position does not fall within the zone of interests protected by the rule, further precluding plaintiffs from establishing standing here.
Plaintiffs' claim for a declaration that defendant owner caused the deconversion further reflects that the complaint fails to allege an injury-in-fact. A finding that defendant owner caused the deconversion would permit defendant DHCR to establish the legal regulated rents. Thus, in the event of a deconversion, which has yet to occur, the individual shareholders still would have the option of seeking DHCR's intervention to set the rent under Rent Stabilization Code § 2520.11 (l)(1)(iv), which contradicts plaintiffs' assertion of ripeness and imminent harm now, while deconversion may still be avoided (see e.g. Matter of Joint Queensview Hous. Enter. v Grayson, 179 AD2d 434, 436 [1st Dept 1992]). Nor should Rent Stabilization Code § 2520.11(l) be read to permit the unilateral rent-setting that plaintiffs fear should the shareholders' apartments become subject to rent regulation, further undermining the need for injunctive or declaratory relief at present (see e.g. Davis v Cole, 193 Misc 2d 380, 386 [Sup Ct, NY County 2002]). Thus, because deconversion and the ensuing harms envisaged by plaintiffs may never come to pass, dismissal with leave to refile was proper.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026